IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JERROD DOOLIN,

                      Petitioner,

    v.                                        OPINION AND ORDER

WARDEN E. EMMERICH,[1]                     25-cv-193-wmc

                      Respondent.
───────────────────────────────────────────────────────────────

Petitioner Jerrod Doolin is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford). Representing himself, Doolin seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, petitioner contends that he has been denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. The petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show

---

[1] The petition filed by petitioner does not designate a respondent. Because petitioner is confined at FCI-Oxford, the court substitutes Warden E. Emmerich as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, which applies to proceedings governed by 28 U.S.C. § 2241.

that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner is currently imprisoned as the result of a federal conviction from the United States District Court for the Eastern District of Kentucky for: (1) conspiracy to distribute 10 grams or more of carfentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) distribution of a mixture or substance containing a detectable amount of carfentanyl resulting in serious physical injury in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See United States v. Jerrod Doolin*, No. 5:17-cr-26-02 (E.D. Kent.). He received concurrent terms of 156 months' imprisonment on each count followed by a 5-year term of supervised release. His projected release date is May 31, 2028.

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, prisoners are ineligible to receive FTCs if they are serving sentences for certain offenses, including serious drug offenses charged under 21 U.S.C. § 841(a). *See* 18 U.S.C. § 3632(d)(4)(D) (listing offenses that render prisoners ineligible for FTCs). Prisoners convicted of distributing a controlled substance under 21 U.S.C. § 841(b)(1)(C) that resulted

in serious bodily injury are among those who are ineligible to receive FTCs. *See* 18 U.S.C. § 3632(d)(4)(D)(lviii).

Petitioner does not allege that he attempted to exhaust administrative remedies regarding his claims. Nevertheless, the plea agreement and judgment in petitioner's underlying case reflect that he was charged and convicted of a drug offense described in 21 U.S.C. §§ 841(a) and 841(b)(1)(C) that resulted in serious bodily injury. As a result, petitioner is not eligible to have FTCs apply to his sentence. Because petitioner fails to show that his sentence has been calculated incorrectly, he is not entitled to relief under 28 U.S.C. § 2241, and his petition must be denied.

## ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Jerrod Doolin (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2. The clerk of court shall enter judgment and close this case.

Entered on this 11th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge